**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

EIGHTH DISTRICT ELECTRICAL PENSION FUND
ANNUITY PLAN;

PATRICK CARLSON, as Secretary of the Delinquency Committee
for the Eighth District Electrical Pension Fund and Eighth District
Electrical Pension Fund Annuity Plan;

NATIONAL ELECTRICAL BENEFIT FUND; and

MOUNTAIN STATES LINE CONSTRUCTORS AREA JOINT
APPRENTICESHIP AND TRAINING TRUST FUND,

    Plaintiffs,

v.

GREEN ENERGY FOUNDATIONS, LLC.

    Defendant.

_____

**COMPLAINT**
_____

Plaintiffs set forth above ("Plaintiffs"), for their cause of action against Defendant Green Energy Foundations, LLC ("Defendant"), state, allege, and aver as follows:

**NATURE OF THE CASE**

1.    This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective

bargaining agreements (hereinafter "CBAs") with International Brotherhood of Electrical Workers Local Union No. 44 (hereinafter "Local 44").

## PARTIES

2. Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. Plaintiff Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Eighth District Electrical Pension Fund Annuity Plan (hereinafter "Annuity Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. Plaintiff Annuity Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4. Plaintiff Patrick Carlson (hereinafter "Carlson") is a proper party to this action based on his official capacity and fiduciary duties to Plaintiffs Pension Fund and Annuity Plan, including the collection of contributions owed to Plaintiffs Pension Fund and Annuity Plan.

5. Plaintiff National Electrical Benefit Fund (hereinafter "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2400 Research Boulevard, Suite 500, Rockville, Maryland. Plaintiff NEBF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

6. Plaintiff Mountain States Line Constructors Area Joint Apprenticeship and Training Trust Fund (hereinafter "JATC") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration for collection purposes at

2821 South Parker Road, Suite 215, Aurora Colorado. Plaintiff JATC is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

7. Plaintiffs Pension Fund, Annuity Plan, NEBF, and JATC (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. § 1002(37) and have been established and are maintained pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

8. Defendant Green Energy Foundations, LLC is a limited liability company organized and existing under the laws of the State of Minnesota with its principal office at 8493 187th Avenue Northeast, New London, Minnesota; is an employer within the meaning of 29 U.S.C. § 1002(5); and is an employer affecting commerce within the meaning of § 2 of the LMRA, 29 U.S.C. § 152.

## JURISDICTION & VENUE

9. This court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. § 1331.

10. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132 (e)(2) and 28 U.S.C. § 1391(b), because Plaintiffs Pension Fund, Annuity Fund, and JATC are administered in Colorado.

## CAUSE OF ACTION

11. Plaintiffs hereby incorporate by this reference paragraphs 1 through 10 above as if set forth fully herein.

12. Defendant is a party to one or more CBAs with Local 44 through a Letter of Assent, and the CBAs govern the terms and conditions of employment of all employees of Defendant

performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

13. At all times relevant to this action, Defendant has employed individuals who have performed work covered by the CBAs.

14. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 44 and Defendant.

15. Among other duties imposed upon Defendant under the CBAs, Defendant is required to make contributions to the Plaintiff Funds which provide retirement, training, and other benefits for employees of contractors, such as Defendant, who are signatory to the CBAs with Local 44.

16. Defendant is obligated under the CBAs and Trust Agreements to timely submit reports and fringe benefit contributions to Plaintiff Funds. Defendant is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work, and for NEBF the gross wages, of Defendant's employees at the rates established for Plaintiff Funds in the CBAs and incorporated Trust Agreements.

17. The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

18. During a recent audit of Defendant by the Plaintiff Funds, it was discovered that Defendant has failed to accurately report, and failed to make full and timely contributions to the

Plaintiff Funds for the hours of covered work performed by its employees during the months of February through July 2018. As a result, Defendant is in breach of the CBAs and Trust Agreements. Defendant has also breached its obligations under ERISA, 29 U.S.C. § 1145.

19. After giving credit for a partial payment, Defendant is liable to Plaintiff Funds for delinquent contributions under the CBAs and Trust Agreements in the amount of Eighteen Thousand Eight Hundred Eleven Dollars and Seventy-Four Cents ($18,811.74) for the months of February through July 2018.

20. The CBAs, Trust Agreements, and ERISA provide remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies are costs of collection, attorneys' fees, interest, and liquidated damages.

21. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiffs Pension Fund, Annuity Plan, and JATC for liquidated damages at the rate of ten percent (10%), and Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%) assessed upon untimely and/or unpaid contributions. Accordingly, Defendant is liable to Plaintiff Funds for liquidated damages in the amount of Two Thousand Two Hundred Fifty-Seven Dollars and Ninety Cents ($2,257.90) assessed upon Defendant's untimely and unpaid contributions for the months of February through July 2018.

22. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiffs Pension Fund, Annuity Plan, and JATC for interest at the rate of the Federal short-term interest rate for underpayment, plus two percent (2%), and to Plaintiff NEBF at the interest rate of ten percent (10%) annually, compounded monthly, upon the untimely and unpaid

contributions. Accordingly, as of September 16, 2019 Defendant is liable to Plaintiff Funds in the amount of Two Thousand Ninety-Six Dollars and Twelve Cents ($2,096.12) for interest accrued upon Defendant's untimely and unpaid contributions for the months of February through July 2018. Interest continues to accrue.

23.     Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. Plaintiff Funds are entitled to recover these fees and costs pursuant to the terms of the CBAs, Trust Agreements, and by law.

24.     Under the CBAs, the Trust Agreements, and by law, the Plaintiff Funds have the right to audit any of the books and records of Defendant as may be necessary to determine the precise amount due to the Plaintiff Funds. Under law, the cost of such audit is a cost of this action and is to be awarded to Plaintiff Funds, and against Defendant.

25.     Plaintiff Funds have conducted, and continue to conduct, an audit of Defendant's books and records covering the time period from January 1, 2018 through December 31, 2018. Pursuant to said audit, the Plaintiff Funds have determined that Defendant failed to report and make full and timely contributions to the Plaintiff Funds for all hours of covered work performed by Defendant's employees during this time period. The Plaintiff Funds have incurred audit costs in an amount of One Thousand One Hundred Fifty Dollars ($1,150.00), and such audit costs are presently ongoing. Plaintiff Funds are entitled to recover these audit costs pursuant to the terms of the CBAs and the Trust Agreements.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant is liable to Plaintiffs and entering judgment against the Defendant an in favor of Plaintiffs accordingly;

(2) Finding that Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages, and interest for the months of February 2018 through July 2018 in the total amount of Twenty-Three Thousand One Hundred Sixty-Five Dollars and Seventy-Six Cents ($23,165.76), plus interest accruing after September 16, 2019;

(3) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable to the collection of delinquent contributions, liquidated damages, and/or interest found to be due and owing to Plaintiffs;

(4) Awarding Plaintiffs their audit costs incurred, that may be recovered pursuant to law, the CBAs, and Trust Agreements, in the amount of at least One Thousand One Hundred Fifty Dollars ($1,150.00) to be supplemented prior to the time judgment is entered.

(5) Allowing Plaintiffs to apply for an award against Defendant for any and all amounts that are determined due and owing based upon employer reports or other documents received after the filing of this action, plus liquidated damages and interest on the fringe benefit contributions due and owing.

(6) Granting Plaintiffs such other relief that the Court deems just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

**BLAKE & UHLIG**

*s/ Eric C. Beckemeier*
Eric C. Beckemeier
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
ECB@blake-uhlig.com
*Attorney for Plaintiffs*